Bruce C. Funk (CA SBN 122340)
LAW OFFICE OF BRUCE C. FUNK
46 W. Santa Clara Street
San Jose, CA 95113
Tel: (408) 280-6488
Fax: (408) 286-3139

Counsel for Defendant
Kartiki Parekh

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>NAMRATA PATNAIK and KARTIKI PAREKH,<br><br>　　　　　　　　Defendants. | Case No. 22-CR-00014 BLF<br><br>**DEFENDANT KARTIKI PAREKH'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 12(b) AND JOINDER IN CO-DEFENDANT'S MOTION TO DISMISS**<br><br>Date:　September 13, 2022<br>Time:　9:00 a.m.<br>Dept.:　Courtroom 3 |

TO THIS HONORABLE COURT, THE CLERK, AND GOVERNMENT COUNSEL:

　　　　PLEASE TAKE NOTICE that on September 13, 2022, at 9:00 a.m., or as soon thereafter as this matter may be heard, Defendant, Kartiki Parekh, will and hereby does respectfully move this Court for an Order dismissing Counts One through Four of the Indictment, pursuant to Federal Rule of Criminal Procedure 12(b).

　　　　This motion is made on the grounds that the Indictment fails to allege how any misstatements in the visa applications were material.

　　　　This motion is based upon this notice, the accompanying Memorandum of Points and Authorities and the points and authorities and the declarations filed on behalf of Co-Defendant, Namrata Patnaik, the pleadings and papers filed in this Matter, and on such other argument and evidence as may be presented during the hearing on this matter.

　　　　Defendant, Kartiki Parekh, hereby also formally joins in Co-Defendant, Namrata Patnaik's

motion to dismiss, which is filed concurrently to this motion.

Dated: July 29, 2022

Respectfully submitted,

*/s/ Bruce C. Funk*
BRUCE C. FUNK
Attorney for Defendant, Kartiki Parekh

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

Defendant Kartiki Parekh is charged in Count One of the Indictment with Conspiracy to Commit Visa Fraud in violation of 18 U.S.C. § 371, and in Counts Two through Four with Visa Fraud in violation of § 1546(a).  The gravamen of the charges against Ms. Parekh is that, between 2011 and 2017, she and her co-defendant and supervisor Namrata Patnaik conspired to submit numerous fraudulent applications for H-1B nonimmigrant visas for foreign workers.  The Indictment alleges that the applications misstated the prospective job locations and descriptions for the visa beneficiaries – the applications stated that the foreign workers would be employed at the defendants' company PerfectVIPs' job site when, in fact, the workers were ultimately employed at different companies' job sites upon their arrival in the United States.

Ms. Parekh hereby moves to dismiss Counts One through Four of the Indictment pursuant to Federal Rule of Criminal Procedure 12(b) because the Indictment fails to allege how any misstatements in the visa applications were material, which is a necessary element of § 1546(a).

**STATEMENT OF FACTS**

As alleged in the Indictment, Defendant Kartiki Parekh was employed by PerfectVIPs, Inc. in San Jose, California as its human resources manager.  The company was incorporated in 2010 as a computer chip design product and services company.  Although the Indictment alleges that Ms. Parekh was employed at the company beginning in 2011, in fact Ms. Parekh did not begin working at PerfectVIPs until March 2013, and she did not begin signing visa applications until 2014.

H-1B visas allow employers temporarily to employ foreign workers in a particular "specialty occupation."  Applying for H-1B visas is a two-step process – the employer must first submit a Labor Condition Application (LCA) to the Department of Labor and, if that application is granted, the employer then submits a Form I-129 Petition for Nonimmigrant Worker to the U.S. Citizenship and Immigration Services (USCIS).  Both documents include *inter alia* information regarding the job description and location, wages to be paid, and biological information about the petitioning worker.

The Indictment alleges that, between 2011 and 2017, PerfectVIPs applied for 85 H-1B visas and misstated the location of the employment for the visa petitioners in both the LCAs to the Department of

Labor and the Form I-129 Petitions to USCIS. The government asserts that the applications stated that the visa beneficiaries would work at PerfectVIPs but, instead, the workers were employed at different companies in the same field. Ms. Parekh, as the human resources manager, signed some of the applications containing the purportedly false employment information for the visa beneficiaries.

## STATUTORY AND REGULATORY SUMMARY

It is axiomatic to state that the H-1B visa program is complex. Beyond its statutory framework, the visa program is governed by rulemaking and regulations promulgated by two separate federal agencies – USCIS and the Department of Labor. A thorough history and background of the H-1B visa program is recited in Defendant Namrata Patnaik's Motion to Dismiss, and Ms. Parekh will not repeat that information here. However, Ms. Parekh invites the Court to consider two issues which are directly relevant to the arguments presented in this motion.

First, according to the statute governing H-1B LCAs to the Department of Labor, employers are required to include in their applications (1) wage information for the specialty occupation being filled, (2) an attestation that there is not a "strike or lockout" in the particular occupational classification, (3) notice to existing domestic employees in the same classification, (4) the number of workers sought in the particular classification, and (5) an agreement to retain documentation of the H-1B applications for inspection by the Department of Labor. 8 U.S.C. § 1182(n)(1)(A) through (G). These statutory requirements have also been distilled in rulemaking by the federal agency. Once an employer receives LCA approval from the Department of Labor, it then applies for an H-1B visa to USCIS by submitting the Form I-129 Petition. *See* 8 C.F.R. § 214.2(h)(2)(i)(A). The information necessary to submit in that Petition is also governed by statute as well as federal regulations.

However, in 2010 USCIS issued policy guidance which, for the first time, required H-1B visa applicants to provide, in addition to the information designated by statute and federal rules, information that "the employer will maintain an employer-employee relationship with the beneficiary for the during of the requested validity period" (the "itinerary requirement") as well as a specific description of the project or assignment that the beneficiary would perform for the entire validity period (the "non-speculation work requirement"). *See ITServe Alliance, Inc. v. Cissna*, 443 F.Supp.3d 14, 25 (D.D.C. 2020). The additional required information – which, again, is not described in any applicable statute or

federal regulation – was formalized in a 2018 Policy Memorandum, and it is not disputed that, for the entire time period relevant to this case, USCIS required H-1B visa applicants such as PerfectVIPs to submit this information in support of its applicants. Notably, these are precisely the categories of information the government now alleges that Ms. Parekh misstated in the Form I-129 Petitions that bear her signature. However, as described more fully below, these additional requirements for information were stricken in *ITServe Alliance, Inc. v. Cissna*, 443 F.Supp.3d 14 (D.D.C. 2020), which found that USCIS's decision to require these categories of information in Form I-129 Petitions was contrary to the relevant statutes and federal rules implementing them.

The second issue that warrants emphasis here is that 8 U.S.C. § 1184(n), entitled "Increased Portability of H-1B Status," expressly permits "a nonimmigrant alien . . . who was previously issued a visa or otherwise provided nonimmigrant status . . . to accept new employment upon the filing by the prospective employer of a new petition on behalf of such nonimmigrant." The federal rule implementing the statute also specifically recognizes both that an H-1B visa recipient may change employers, and that the recipient may have multiple employers. *See* 8 CFR § 214.2(h)(2)(i)(C) and (D).

**LEGAL STANDARD**

Ms. Parekh moves to dismiss Counts One through Four of the Indictment pursuant to Federal Rule 12(b)(3)(B), which provides that "at any time while the case is pending, the court may hear a claim that the indictment or information fails to invoke the court's jurisdiction or to state an offense." Fed. R. Crim. P. 12(b)(3)(B). Under the Federal Rules of Criminal Procedure, an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged" and must include the "statute, rule, regulation, or other provision of law that the defendant is alleged to have violated." Fed. R. Crim. P. 7(c)(1).

On a pretrial motion to dismiss, the facts alleged by the government must be taken as true. *United States v. Velastegui*, 199 F.3d 590, 592 n.2 (2d Cir. 1999). An indictment may be dismissed, however, where it "fails to allege the essential facts constituting the offense charged." *United States v. Pirro*, 212 F.3d 86, 91 (2d Cir. 2000). Indeed, "an important corollary purpose" of the requirement that an indictment state the elements of an offense is "to inform the court of the facts alleged, so that it may decide whether they are sufficient in law to support a conviction, if one should be had." *Russell v.*

*United States*, 369 U.S. 749, 768 (1962). Dismissal is required where the conduct alleged in the indictment as a factual basis for the offense is not actually prohibited by the language of the statute. *See, e.g.*, *Pirro*, 212 F.3d at 91, 93 (affirming dismissal where Government's proposed proof would not establish a crime within the terms of the statute).

## ARGUMENT

I. **The Indictment Must Be Dismissed for Failure to State an Offense Because the Alleged False Statements are Not Material as a Matter of Law**

The Indictment fails to state an offense in Counts One through Four because it does not, and under *ItServe* and cases following its reasoning cannot, allege how any purported misstatements by Ms. Parekh regarding the job site location of the 85 H-1B visa recipients were material to USCIS's decision to grant the visas in the first place. Ninth Circuit Model Criminal Jury Instruction No. 15.45 enumerates five elements of 18 U.S.C. § 1546(a):

(1) Defendant made a false statement;

(2) Defendant acted with knowledge that the statement was untrue;

(3) The statement was material to activities or decisions of the [immigration agency], that is "it had a natural tendency to influence, or was capable of influencing, the agency's decisions or activities";

(4) The statement was made under oath or penalty of perjury; and

(5) The statement was made on an application/affidavit/document required by immigration laws or regulations.

Accordingly, in order to prove that Ms. Parekh is guilty of any of the charges against her, the government must prove that the misstatements that she is alleged to have made – that the H1-B visa beneficiaries would work at PerfectVIPs' job site rather than at different company job sites – were material.

As summarized briefly above, the relevant issue in *ItServe* was whether newly-established requirements set forth by USCIS to grant H-1B visas were legally permissible. The first was USCIS's requirement that the employer maintain an employer-employee relationship with the visa recipient for the entire duration of the visa, when the definition of "employer" in the federal rules adopted by the Department of Labor and USCIS included the term "contractor" and permitted the relationship between the employer and visa recipient to be defined as one in which the employer could "hire, pay, fire,

supervise or otherwise control the work of any such employee." *ItServe, supra*, 443 F.Supp.3d at 27. The second was a requirement that the petitioner show "non-speculative work in a specialty occupation for the entirety of the visa" – in other words, the petitioner had to specify exactly what job project the visa recipient would perform over the duration of the visa. *Id*. at 28. Finally, the *ItServe* court considered whether USCIS could require information an "itinerary showing specific work and location for the entire during of the requested visa at the time of application," where its prior guidance was "that it could accept a general statement of the alien's proposed or possible employment, since the regulation does not require that the employer provides the exact dates and places of employment. *Id*. at 28-29.

The *ItServe* court was clear and emphatic with respect to all three categories of information that USCIS required in the H-1B visa petitions – the court held that the agency had no legal authority to require any of the three categories of information in the petitions, because the existing statutory and regulatory framework did not permit it:

> The current CIS interpretation of the employer-employee relationship requirement is inconsistent with its regulation, was announced and applied without rulemaking, and cannot be enforced. The CIS requirements that employers (1) provide proof of non-speculative work assignments (2) for the duration of the visa period is not supported by the statute or regulation and is arbitrary and capricious as applied to Plaintiffs' visa petitions. These requirements were also applied without rulemaking and cannot be enforced.

*Id*. at 22.

Shortly after *ItServe* was decided, the district court in *Serenity Info Tech, Inc. v. Cuccinelli*, 461 F.Supp.3d 1271 (N.D. Ga. 2020), considered USCIS's "requirement of up to three years of granular detail about a beneficiary's day-to-day activities" and similarly struck it down:

> [T]here is no basis in the INA or the Agency's regulations for requiring a petitioner to submit evidence of specific, qualifying work requirements and micro-location information for every single day of the visa period. Accordingly, [CIS]'s 2018 interpretation of the statute and regulations, as applied in the instant case, is owed no deference. A petitioner may meet its burden of showing non-speculative employment, service in a specialty occupation, and the regulatory requirement of an itinerary, if applicable, without providing evidence with that level of micro-granularity.

*Serenity*, 461 F.Supp.3d at 1288.

Here, the government alleges that Ms. Parekh "caused to be submitted visa petitions and supporting documents falsely stating that the foreign workers would be working onsite at PerfectVIPs'

office on internal projects. . . . Instead, the defendants, through PerfectVIPs, contracted the workers out to end clients possessing actual work." Indictment ¶11. However, this information – regarding the precise job site location where the intended H-1B visa recipients would be performing their specified job duties over the duration of their visa – is exactly the type of granular information that the *ItServe* and *Serenity* courts found USCIS could not even require employer applicants to submit. It stands to reason that, if USCIS cannot require applicants in their Form I-129 Petitions to submit the information identified in the Indictment, it could not be material to the agency's decision to grant the 85 H-1B visas at issue in this case as a matter of law.

Counts One through Four of the Indictment must be dismissed, because they do not and cannot allege how any of the alleged misstatements identified in the Indictment were material.

## CONCLUSION

This Court must dismiss Counts One through Four of the Indictment against Ms. Parekh because the government has failed to allege the materiality of any purported misstatements.

Dated: July 29, 2022						Respectfully submitted,


							*/s/ Bruce C. Funk*
							BRUCE C. FUNK
							Attorney for Defendant, Kartiki Parekh