UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| United States of America, | Case No. 22-cr-00014-BLF |
|---|---|
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO DISMISS** |
| NAMRATA PATNAIK and KARTIKI PAREKH | [Re: ECF Nos. 26 and 33] |
| Defendant. | |

The United States ("Government") alleges that defendants Namrata Patnaik and Kartiki Parekh (collectively "Defendants") submitted fraudulent H-1B visa applications in violation of multiple criminal statutes. The alleged fraudulent statements were that the prospective H-1B visa beneficiaries would work onsite at Defendants' employer's office on internal projects, when in fact Defendants contracted the beneficiaries out to work on offsite projects for clients.

Defendants filed motions to dismiss the counts against them. *See* ECF No. 26 ("Patnaik MTD"); ECF No. 33 ("Parekh MTD"); ECF No. 44 ("Reply"); ECF No. 45 ("Reply Joinder"). The Government opposes the motions. ECF No. 43 ("Opp."). The Court held a hearing on January 24, 2022. For the reasons discussed on the record at the hearing and explained below, the Court GRANTS the motions to dismiss.

I.  **BACKGROUND**

On January 13, 2022, the Grand Jury returned an indictment ("Indictment") that charged Defendants with one count of conspiracy to commit visa fraud under 18 U.S.C. § 371 and three counts of visa fraud and aiding and abetting under 18 U.S.C. §§ 1546(a) and 2. The indictment also charges Patnaik with one count of engaging in monetary transactions in property derived from

specified unlawful activity under 18 U.S.C. § 1957.

The Court takes the following facts from the Indictment, as required on a motion to dismiss an indictment for failure to state an offense. *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002) ("On a motion to dismiss an indictment for failure to state an offense, the court must accept the truth of the allegations in the indictment in analyzing whether a cognizable offense has been charged.").

### A. The H-1B visa program

The H-1B Specialty Occupation Workers program allows an employer to temporarily employ a foreign worker in the United States on a nonimmigrant basis in a "specialty occupation." Indictment ¶ 5. A "specialty occupation" requires the theoretical and practical application of a body of specialized knowledge and a bachelor's degree or its equivalent in the relevant specialty. *Id.*

An employer seeking to employ an H-1B nonimmigrant is required to submit a completed Labor Condition Application for Nonimmigrant Workers (ETA Form 9035) ("LCA Form") to the Department of Labor. *Id.* ¶ 6. The LCA Form requires the employer to provide information and several attestations about the job. *Id.*

After the LCA Form is approved, the employer submits a Form I-129 Petition for Nonimmigrant Worker ("I-129 Petition") with the United States Citizenship and Immigration Services ("USCIS") on behalf of the foreign worker. *Id.* at 7. The Form I-129 Petition requires, among other things, the name and biographical information of the proposed foreign worker, the proposed wage to be paid, and the address where the foreign worker will be working. *Id.* The foreign worker is referred to as the "beneficiary" of the H-1B application process. *Id.* ¶ 8.

### B. Defendants' allegedly unlawful conduct

Defendant Namrata Patnaik was the chief executive officer of Perfect VIPs, Inc., a computer-chip-design product and services company. Indictment ¶¶ 1, 3. Kartiki Parekh was Perfect VIPs's human resource manager.

Defendants allegedly submitted fraudulent documents to the United States in connection with H-1B visa applications for beneficiaries sponsored by Perfect VIPs. *Id.* ¶ 9. The submissions

included LCA forms, I-129 Petitions, and supporting documentations. *Id.* ¶ 11. The submissions stated that the foreign workers would be working onsite at Perfect VIPs's office on internal projects, but Defendants contracted the workers out to other employers. *Id.* ¶ 11. Through these submissions, Plaintiffs created a pool of H-1B beneficiaries who could thereafter be placed at employment positions with employers other than PerfectVIPs. *Id.* ¶ 10. PerfectVIPs profited from this scheme by charging the other employers fees to cover the costs of the beneficiaries' pay plus a markup. *Id.* ¶ 10, 12.

## II. LEGAL STANDARD

Under Federal Rule of Criminal Procedure 12(b)(3)(B)(v), a defendant may move to dismiss a count in an indictment on the ground that the count "fail[s] to state an offense." Every count must "set forth all the elements necessary to constitute the offence intended to be punished." *Hamling v. United States*, 418 U.S. 87, 117 (1974) (quoting *United States v. Carll*, 105 U.S. 611, 612 (1882)). Where a count fails to recite an essential element of the offense, that count is facially defective and must be dismissed. *See United States v. Pernillo-Fuentes*, 252 F.3d 1030, 1032 (9th Cir. 2001).

For purposes of ruling on a motion to dismiss a count in an indictment, courts are "bound by the four corners of the indictment." *United States v. Lyle*, 742 F.3d 434, 436 (9th Cir. 2014) (quoting *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002)). Courts accept the allegations in the indictment as true and "analyz[e] whether a cognizable offense has been charged." *Boren*, 278 F.3d at 914. A motion to dismiss a count in an indictment can be determined before trial if it presents legal, rather than factual, issues. *United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986).

## III. DISCUSSION

The Government alleges that Defendants violated 18 U.S.C. § 1546(a). That statute prohibits, among other things:

3

> knowingly mak[ing] under oath, or as permitted under penalty of perjury under section 1746 of title 28, United States Code, knowingly subscrib[ing] as true, any false statement with respect to a material fact in any application, affidavit, or other document required by the immigration laws or regulations prescribed thereunder, or knowingly present[ing] any such application, affidavit, or other document which contains any such false statement or which fails to contain any reasonable basis in law or fact.

18 U.S.C. § 1546(a). The elements of a such a violation are: (1) the defendant made a false statement; (2) the statement was made knowingly; (3) the statement was material to the USCIS's activities or decisions; (4) the statement was made under oath; and (5) the statement was made in an application required by the immigration laws or regulations prescribed thereunder of the United States of America. *See United States v. Wang*, 944 F.3d 1081, 1087 (9th Cir. 2019) (citing United States v. Chu, 5 F.3d 1244, 1247 (9th Cir. 1993)).

Defendants' motions to dismiss focus on the third element—whether their alleged false statements were "material" to the USCIS's activities or decisions. The Government alleges that Defendants falsely stated that certain H-1B beneficiaries would be working onsite at PerfectVIPs's office on internal projects. Defendants argue that these statements were not material because the government is not permitted to consider them. Patnaik MTD 14; Parekh MTD 6. The Government responds that the alleged false statements were material because they were relevant to whether the beneficiary employees would fill bona fide positions that were available at the time the petitions were submitted. Opp. 5. The Government also argues that materiality is a mixed question of law and fact that must be decided by a jury. *Id.*

"A statement is material if it is capable of affecting or influencing a governmental decision." *United States v. Matsumaru*, 244 F.3d 1092, 1101 (9th Cir. 2001). "The false statement need not have actually influenced the agency, and the agency need not rely on the information in fact for it to be material." *Id.* (quoting *United States v. Serv. Deli Inc.,* 151 F.3d 938, 941 (9th Cir.1998)). For the reasons discussed below, the Court finds that Defendants' statements were not material as a matter of law.

Two recent developments bear on the Court's analysis. First, in March 2020, the United States District Court for the District of Columbia issued its opinion in *ITServe All., Inc. v. Cissna* addressing challenges to recent USCIS policies. *See* 443 F. Supp. 3d 14 (D.D.C. 2020). Second,

4

1  shortly after the order in *ITServe* was entered, USCIS issued Policy Memorandum PM-602-0114
2  ("Recission Memo").  That memorandum rescinded prior policy memoranda that had established
3  the policies the *ITServe* court struck down.  The Court therefore finds it useful to summarize the
4  issues before the *ITServe* court and the *ITServe* court's ultimate holdings.

5  Before the court in *ITServe* were 33 cases challenging USCIS's handling of H-1B visa
6  applications.  *ITServe*, 443 F. Supp. 3d at 19.  Like PerfectVIPs, most of the *ITServe* plaintiffs
7  were staffing companies that may place a visa holder with other client companies.  *See id.* at 21.
8  The employers challenged policies that USCIS had announced and implemented through a 2018
9  Policy Memorandum.  *Id.* at 34-35.  The Policy Memorandum incorporated and reaffirmed a 2010
10 Guidance Memo (also known as the "Neufeld Memo") and added standards that specifically
11 targeted employer petitions that involve third-party worksites.  *Id.* at 25, 35.  The court issued
12 three holdings that are relevant to this Court's analysis.

13 First, the *ITServe* court held that USCIS could no longer focus only on "control" when
14 determining whether an H-1B application demonstrated "employer-employee" relationship
15 between an employer and the proposed H-1B beneficiary.  *Id.* at 37.  Instead, USCIS would have
16 to consider all of the criteria listed in the USCIS's regulations—including whether the employer
17 may hire, pay, fire, supervise, or otherwise control the employee's work.  *Id.*  USCIS had to accept
18 any one of these criteria as sufficient to establish an employer-employee relationship.  *Id.*

19 Second, the *ITServe* court held that USCIS policies requiring that H-1B petitioners "(1)
20 provide proof of non-speculative work assignments [for H-1B beneficiaries] (2) for the duration of
21 the visa period" were not permissible under the agency's own regulation.  *Id.* at 20.  The court
22 explained that USCIS's interpretation of its regulation defining "specialty occupation" to require
23 employers to identify non-speculative work assignments in a specialty occupation for the term of
24 the H-1B visa was "plainly erroneous."  *Id.* at 39-40.

25 Third, the court held that USCIS may not require that applicants submit an itinerary of
26 non-speculative work assignments for the duration of the proposed beneficiary's visa.  *Id.* at 42.
27 The court found that this requirement had been superseded by the American Competitiveness and
28 Workforce Improvement Act of 1998 (ACWIA), which authorizes employers to place H-1B visa

United States District Court
Northern District of California

holders in paid non-productive status. *Id.* The *ITServe* Court held that applying these disputed factors to the IT consulting sector was "irrational" and "arbitrary and capricious. *Id.* at 41. The Court concluded that the application of the itinerary requirement was incompatible with the ACWIA. *Id.* at 42.

The *ITServe* court's holdings and USCIS's subsequent rescission of the policy memoranda creating the policies held to be impermissible in *ITServe* support the conclusion that Defendants' alleged false statements were not material. Under the *ITServe* decision, USCIS may not require details concerning the specific projects upon which an H-1B visa beneficiary would be working under its governing regulations. USCIS acknowledged this in its Rescission Memo when it confirmed that a petitioner no longer needed to identify the beneficiary's specific day-to-day assignments and that USCIS would abstain from application of its itinerary requirement. *Id.* at 3, 5. The Government has not explained how Defendants' alleged fraudulent statements could be material given that USCIS is prohibited from asking for this information. The Court therefore finds that Defendants' allegedly fraudulent statements that certain H-1B beneficiaries would be working at PerfectVIPs's office on internal projects were not material as a matter of law.

The Government notes that the Ninth Circuit has stated that materiality "presents a mixed question of law and fact that must be decided by the jury." Opp. 5 (quoting *Matsumaru*, 244 F.3d at 1101). But the Ninth Circuit has also explained that "a judge may rule that a false statement is *not* material as a matter of law, that is, that the evidence is insufficient for the jury to find the statement is material." *Serv. Deli.*, 151 F.3d at 941. As noted above, "[a] statement is material if it is capable of affecting or influencing a governmental decision." *Matsumaru*, 244 F.3d at 1101. This inquiry is an objective test that focuses on whether "knowledge of the real facts would have affected a reasonable government official properly applying [immigration] law." *Cf. Maslenjak v. United States*, 137 S. Ct. 1918, 1928 (2017) (articulating causality test for determining whether a defendant procured citizenship by a false statement); *see also United States v. Amintobia*, No. 20-50039, 2023 WL 152819, at *8 (9th Cir. Jan. 11, 2023) (applying *Maslenjak* to evaluate "materiality" of allegedly false statements). Since specific project and location are improper considerations for determining whether to grant an H-1B visa under the governing law, a false

statement about location and work assignment could not have been considered and thus is immaterial as a matter of law.

Citing *United States v. Prasad*, 18 F.4th 313 (9th Cir. 2021), the Government argues that *ITServe* did not change the requirement that employers establish that the H-1B beneficiary employees would fill "specific, bona fide positions" that were available at the time of petition and that there be a "legitimate employer-employee relationship." Opp. 5. But the issue of what requirements USCIS may impose on a H-1B visa petitioner was not before the court in *Prasad*—nor was the issue of what information USCIS may consider. In *Prasad*, the defendant did not dispute on appeal that he had committed visa fraud. *See Prasad*, 18 F.4th at 316-17. The issue before the court was whether the district court erred in calculating the amount he was required to forfeit for his commission of visa fraud. *Id.* at 316. The *Prasad* court therefore did not have an opportunity to rule on the materiality of defendant's representations, much less consider *ITServe*'s impact on that analysis.

The Government suggests that the alleged fraudulent statements are material because they can be used to support a claim that Defendants are engaged in "benching." Opp. 6. The Government asserts that the Ninth Circuit "recognized benching as visa fraud in *Prasad*." But the Court again notes that the issue of whether the defendant committed visa fraud was not before the court in *Prasad*. Moreover, in describing benching, the *Prasad* court cited the Fifth Circuit's opinion in *United States v. Nanda*, which explained that:

> Benching occurs when an unscrupulous employer uses H–1B visas to recruit foreign workers not to fill a specific position at the company itself, but rather to create a pool of relatively inexpensive skilled labor that can then be used on an as-needed basis to fulfill the needs of third-party clients. When the visa holder is not working—i.e. 'on the bench'—the employer requires her to pay her own way in contravention of the express visa requirements. The employer is thus able to procure skilled labor on the cheap with little overhead, but takes a cut of the standard rates its visa-holding employees bill out to third-party clients.

867 F.3d 522, 526 (5th Cir. 2017).

The *Nanda* court thus defined "benching" as hiring skilled workers to be placed at third-party clients and not paying them while they are not working. Nowhere does the Government

7

allege that PerfectVIPs failed to pay its workers in contravention of the express visa requirements. Thus, to the extent "benching" is visa fraud as the Government contends, the indictment does not allege that Defendants have participated in "benching."

Finally, the Government contends that even if *ITServe* renders the Defendants' alleged fraudulent statements immaterial, the indictment should not be dismissed because the alleged conduct occurred before the *ITServe* decision issued. The Court disagrees. *ITServe* did not reflect a change in the law that implicates retroactivity concerns. The *ITServe* court held that certain USCIS policies were never permissible under the law.

In sum, the Government has not demonstrated that the alleged false statements in Defendants' H-1B visa petitions to USCIS could ever be material. The Court therefore GRANTS Defendants' motions to dismiss.

## IV.   ORDER

For the foregoing reasons, the Court GRANTS Defendants' motions to dismiss for failure to state an offense.

Dated:  January 30, 2023

_____
BETH LABSON FREEMAN
United States District Judge